SCHULZE v. SIMS LUMBER CO. et al.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

RECEIVERS—FRAUDULENT CONVEYANCE—CREDITORS' ACTION.

Where one corporation buys out another, and then goes into the hands of a receiver, a judgment creditor of the selling company who attacks the transfer as fraudulent is not entitled to a new receiver, since the receiver already in possession may be directed to preserve the assets for distribution as the rights of the creditors may ultimately appear.

Appeal from special term, New York county.

Action by Charles T. Schulze against the Sims Lumber Company and Robert R. Sizer, receiver of the L'Hommedieu Box & Lumber Company. From a judgment in favor of plaintiff, defendant Sizer appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

John C. Tomlinson, for appellant.
James J. Allen, for respondent.

INGRAHAM, J.    This action appears to be one in the nature of a creditors' bill to set aside a transfer of property by the defendant, the Sims Lumber Company, to a corporation known as the L'Hommedieu Box & Lumber Company, to require the said box and lumber company, and the defendant Sizer, as receiver of such corporation, to account to a receiver to be appointed in this action for all the property, and the proceeds of all property, received by either of them from the defendant the Sims Lumber Company.    After a trial at special term, a judgment was entered appointing a receiver of all the property in the hands of the defendant Sizer, as receiver of the L'Hommedieu Box & Lumber Company, and appointing a referee before whom Sizer, as receiver, is to account to the receiver appointed in this action; and, out of the property that shall come into the hands of such receiver, he is to pay to the plaintiff the amount of his judgment against the Sims Lumber Company.    This judgment thus takes out of the hands of the defendant Sizer, as receiver of the L'Hommedieu Box & Lumber Company, all the property in his hands as such receiver, appoints another receiver of it, and requires the other receiver to apply this property to pay the plaintiff's judgment against the Sims Lumber Company.    This somewhat astonishing result is based upon the following facts:    The Sims Lumber Company was a foreign corporation, doing business in this state.    On the 24th day of July, 1894, the Sims Lumber Company transferred its plant and factory to the L'Hommedieu Box & Lumber Company, the consideration of that transfer being the capital stock of the said L'Hommedieu Box & Lumber Company.    Subsequently, on the 23d day of October, 1894, a voluntary proceeding was commenced for the dissolution of the said L'Hommedieu Box & Lumber Company, in which proceeding, on October 23, 1894, the defendant Robert R. Sizer was appointed temporary receiver of the said L'Hommedieu Box & Lumber Company, and subsequently, on

February 20, 1895, was appointed permanent receiver, and has duly qualified as such receiver. Under such appointment as permanent receiver of this corporation, the said defendant is in possession of that portion of the property which was transferred by the Sims Lumber Company to the L'Hommedieu Box & Lumber Company, and in possession of the latter named company at the time of the appointment of the receiver. On the 24th day of December, 1894, in an action instituted by this plaintiff against the defendant the Sims Lumber Company, a warrant of attachment was issued against the property of the said corporation; and subsequently, and on the 12th day of April, 1895, judgment was duly entered, an execution being issued upon such judgment, which was returned wholly unsatisfied. It does not appear when this indebtedness upon which the plaintiff's judgment was obtained against the Sims Lumber Company was incurred. It does, however, appear that the L'Hommedieu Box & Lumber Company was incorporated on the 26th day of May, 1894, and proceeded to purchase certain property which had belonged to the Sims Lumber Company. The plant, including sheds, machinery, tools, and office fixtures, was purchased from one Walker for $18,000 in stock of the L'Hommedieu Company, and certain lumber was paid for by notes of the L'Hommedieu Box & Lumber Company, three of which notes, for $1,000 each, were paid. The amount of those notes was between $11,000 and $12,000, being for $1,000 each, except the last note, and one note was payable monthly. After this transaction, it seems that the L'Hommedieu Box & Lumber Company continued in business, making purchases, incurring obligations to others, and continuing to manufacture. This corporation, during the time it was going, purchased from the Empire Storage Lumber Company a great deal of lumber; and, at the time it went into the hands of the receiver, it owed to the said Empire Storage Lumber Company a considerable amount for lumber furnished. Thus, the L'Hommedieu Company did business for four months, manufacturing and selling merchandise, purchasing from others the material which it manufactured, and incurring obligations, upon the faith of its ownership of this property. Of this transfer the plaintiff had notice, and made no objection until after the voluntary dissolution of the L'Hommedieu Company, and the appointment of a receiver, whose duty it was to distribute the assets among creditors. The judgment of the court makes no distinction between the property that the L'Hommedieu Company acquired from the Sims Company and the property which it purchased from others or manufactured during the time that it did business; but it takes all of the property of the L'Hommedieu Company which has come into the hands of the receiver, and transfers it to a receiver appointed in this action, for the purpose of paying the plaintiff's judgment against the Sims Company. All of the property of the L'Hommedieu Company, including any property which it had received by transfer from the Sims Company, being in the hands of the court for distribution among those entitled to it, it was entirely unnecessary, in order to protect the plaintiff or the creditors of the Sims Company, to appoint a new receiver. If the plaintiff is entitled to any relief, the

judgment can direct the present receiver as to what disposition he is to make of the property in his hands.

Assuming, as the plaintiff claims, that the organization of the L'Hommedieu Company was simply a scheme to provide for the transfer of the property of the Sims Company, so as to prevent it from being subject to seizure to pay the debts of the Sims Company, there is still no reason why a new receiver should be appointed, and all of the property of the L'Hommedieu Company, a portion of which is certainly liable for the debts of the company incurred since its organization, applied to the payment of this plaintiff's judgment. It may be that, upon a new trial of this action, the court will be able to distinguish between the property which has come into the hands of this receiver, which was the property of the Sims Company, and which, in equity, should be applicable to the payment of the debts of that company, and the property which was acquired by the L'Hommedieu Company from other sources, or from the Sims Company, which should be applied to the payments of the debts of the L'Hommedieu Company. There was, however, no evidence upon the trial to show just what property had come into the possession of the receiver which had been transferred to the L'Hommedieu Company by the Sims Company, in pursuance of the fraudulent scheme alleged by the plaintiff. The burden of proof is upon the plaintiff to show fraud, and he must establish by a preponderance of evidence that the transfer to the L'Hommedieu Company was fraudulent, and that the particular property so transferred came into the hands of this defendant, as receiver of the L'Hommedieu Company, and is still either held by him or has been disposed of by him, and that the proceeds remain in his possession.

There was some evidence tending to show that a lease of certain premises in Flushing, and a plant which was valued at $5,000 in the schedule annexed to the petition for dissolution, were property derived from the Sims Lumber Company; but, except the evidence as to this lease and plant, there is not a particle of evidence to show that any of the other property which was transferred by the Sims Company to the L'Hommedieu Company ever came into the hands of the defendant receiver. As to the lumber purchased by the Sims Company, it appeared that it was paid for by notes of the L'Hommedieu Company, and that those had been disposed of by the Sims Company. Three of the notes were paid, while the balance remained obligations of the L'Hommedieu Company held by third parties. Under these circumstances, it would seem that, until the return of those notes, that transfer of lumber could not be set aside. Nor does it appear that any of that identical lumber alleged to have been sold by the Sims Company to the L'Hommedieu Company ever came into the hands of the receiver.

It is not necessary at this time to express an opinion as to just what right a judgment creditor of the Sims Company would have in this plant transferred to the L'Hommedieu Company. The question is as between the creditors of the L'Hommedieu Company and the creditors of the Sims Company, and that should be left to be disposed of by the trial court upon a new trial, when there can be clear

43 N.Y.S.—30

evidence of just what property belongs to the Sims Company that came into the hands of the receiver, and just what disposition he has made of it since.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.